UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERRY COUSINS,

        Plaintiff,

v.

KITSAP COUNTY and KITSAP COUNTY SHERIFF DEPARTMENT,

        Defendants.

CASE NO. C 08-5764 KLS

ORDER ON MOTION FOR ATTORNEY'S FEES AND COSTS

    As the result of several orders on summary judgment entered by this Court, all claims of the Plaintiff were dismissed except that portion of her Claim I as it related to gender discrimination and the failure to promote in March 2008.  On June 1, 2011 the parties filed a Stipulation and Proposed Order of Dismissal with Prejudice, with the issue of costs and attorneys fees remaining and to be determined by this Court.

    The Plaintiff and her counsel filed, on June 24, 2011, a Motion for Costs and Attorney Fees Per Agreement.  ECF No. 55 - 58.   The remaining Defendants filed their opposition to the requested costs and fees (ECF No. 61, 62 and 66) and the Plaintiff filed her Reply (ECF No. 63 –

65). Ms. Cousins has requested a total of $55,400.00 in attorney's fees and costs in the sum of $4,849.40.

## I. INITIAL CLAIMS

Ms. Cousins asserted four claims for relief in her Complaint. They included the following: (1) Title VII discrimination based on gender, (2) interference with plaintiff's First Amendment right to freedom of speech and redress of grievance against government, (3) retaliation for whistle blower activity, and (4) retaliation for filing an EEOC claim.

The defendants asserted that the Plaintiff's claims alleging interference with her First Amendment rights (Claim II) and retaliation for whistle blower activity (Claim III) were barred by the doctrine of collateral estoppel. They also assert that there were no material issues of fact regarding the claim of title VII gender discrimination (Claim I) and retaliation for filing an EEOC claim (Claim II) and that they were entitled to judgment as a matter of law.

In the Court's Order Granting Defendants' Motion for Summary Judgment in Part and Denying in Part (ECF No. 34) the undersigned dismissed all of Plaintiff's claims except that portion of Claim I as it related to a claim of gender discrimination and the failure to promote Ms. Cousins to Corrections Lieutenant in March 2008.

The facts surrounding the one remaining claim are more specifically addressed in the Court's Order found at ECF No. 34, p. 3 – 6, and will not be repeated in detail here.

## II. OFFER OF JUDGMENT

The Defendants presented an Offer of Judgment to Plaintiff (ECF No. 60) dated April 25, 2011. The Offer of Judgment was made pursuant to Fed. R. Civ. P. 68 and offered "to allow judgment to be entered against it in the amount of twenty-five thousand dollars ($25,000.00), **plus an amount for reasonable costs accrued through the date of this offer including**

1 **reasonable attorney fees solely for services performed by current counsel of record, the**
2 **amount of said costs and attorney fees to be determined by the Court.**" (emphasis added).
3 In addition, the Offer of Judgment was conditioned on the following: (1) its full and
4 unconditional acceptance by plaintiff; (2) that all related actions, brought by plaintiff against the
5 defendants named in this action, whether judicial, administrative, or injunctive, be dismissed or
6 otherwise withdrawn; (3) that this serves as final resolution of all claims and allegations alleged
7 or fairly raised by plaintiff in this matter; and (4) plaintiff's agreement to a stipulated dismissal
8 with prejudice of all claims against Kitsap County and the individually named defendants.

9 　　　　The Plaintiff accepted the offer and, as noted above, the parties filed their Stipulation and
10 Proposed Order of Dismissal with Prejudice. That order has not yet been entered by the Court as
11 the parties anticipated a determination, by the undersigned, regarding an award of attorney fees
12 and costs. The Defendant paid the $25,000, by check, to the Plaintiff and the Plaintiff has cashed
13 the check.

### III. SETTLEMENT AGREEMENT

15 　　　　The Settlement Agreement (ECF No. 59) contained several provisions which are relevant
16 to the issue of costs and fees now before the Court. The Settlement Agreement contained a
17 "Recitals" section which identified four matters that were to be resolved by way of the
18 Settlement Agreement. These matters included: (1) two whistleblower complaints with Kitsap
19 County in which the Plaintiff requested hearings with the Washington State Office of
20 Administrative hearings, which were assigned case numbers 2008-LGW-0004 and 2009-LGW-
21 2001; (2) the federal claim that is before this Court; and (3) the 2009 appeal filed by the Plaintiff
22 in Kitsap County Superior Court of the decision in the whistleblower complaint with the case
23 number of 2008-LGW-0004.

24

The Settlement Agreement was for the general release of all claims for the consideration of $25,000 paid by the Defendant to the Plaintiff and "as described more fully in Section 9, **payment of reasonable attorneys' fees and reasonable costs as may be determined by the United States District Court in the Federal Lawsuit, …**" ECF No. 50, p. 1.  (emphasis added)

Section 9 reads as follows:

> **COSTS AND ATTORNEYS FEES.**  Kitsap County will pay Clayton Longacre's reasonable attorney's fees and costs incurred by Terry Cousins' through the date this Agreement is executed as may be determined by the United States District Court, Western District of Washington, in Case No. 08-5764 RBL[1], conditioned that a motion for an order to award reasonable attorney's fees and costs is filed with the Court in accordance with Fed. R. Civ. Proc. 54.

Section 3 of the Settlement Agreement specifically addressed the various requests for public records made by the Plaintiff.  Section 3 reads as follows:

> **WITHDRAWAL OF PUBLIC RECORDS REQUESTS.**  In lieu of formal discovery governed by the Federal Rules of Civil Procedure and Washington Court Rules, Terry Cousins made requests to Kitsap County for public records under chapter 42.56 RCW.  Execution of this Agreement by Terry Cousins shall be deemed a withdrawal of all request for public records made in connection with the Whistleblower Complaints, Whistleblower Appeal, and Federal Lawsuit, including but not limited to requests made on the following dates:
>
> - August 26, 2008;
> - October 4, 2010;
> - October 6, 2010;
> - October 7, 2010; and
> - January 28, 2011.

The Court notes that the requests dated October 4, 2010 through January 28, 2011 were all made after the Plaintiff filed her response to the Defendant's motion for summary judgment.  The August 26, 2008 request was made almost four months prior to her filing this federal lawsuit.

---

[1] The Court notes that this matter is before the undersigned by consent of the parties.  Therefore, the correct Cause Number is 08-5764 KLS.

Finally, Paragraph 10 of the Settlement Agreement contains the following language:

> **ENTIRE AGREEMENT.** This Agreement sets forth the entire agreement and understanding between the parties relating to the subject matter of this Agreement and supersedes all prior agreements, discussions and documents connected therewith. No party to this Agreement shall be bound by any terms, conditions, definitions, warranties, understandings or representations with respect to the subject matter of this Agreement other than as expressly provided herein, except as may hereafter be agreed in a writing signed by the parties.

## IV. DISPUTED MEANING OF THE SETTLEMENT AGREEMENT

It now appears that the parties do not agree on the meaning of their Settlement Agreement as it relates to both costs and attorney's fees. The Plaintiff asserts that she is, by the language of the Agreement, entitled to recoup all costs she incurred with regard to the administrative hearings discussed in the defendant's first Summary Judgment motion, but no attorney fees for those proceedings because she acted pro se in those hearings. ECF No. 55, p. 2 (Longacre Declaration for Costs and Fees). The Plaintiff also contends that the Settlement Agreement permitted her to "recoup her costs in the federal action. Further, it allowed her attorney, Mr. Longacre, his attorney fees for this federal action up to the date the settlement became effective and was executed." *Id.* at p. 2. Finally, the Plaintiff asserts that the "offer of attorney fees and cost were not limited to the remaining claims set for trial in Federal Court." ECF No. 63, p. 3 (Reply RE: Costs and Fees). In short, the Plaintiff asserts a right to recover all costs she incurred related to the Whistleblower hearings, Superior Court Appeal and Federal Court case as well as all of Mr. Longacre's reasonable attorney's fees, without regard to the success or lack of success of the claims asserted in federal court.

The Defendants, on the other hand, assert that the Agreement was only for the Defendants to pay for costs and attorney fees incurred in this federal claim. In support of this position the Defendants point out that (1) the whistleblower complaints were in no way related to

or connected with the one claim that was remaining in this federal court matter and (2) the Plaintiff did not prevail in the whistleblower hearings.

### A. Case Law Regarding Enforcement of Settlement Agreements

The parties stipulated that the Settlement Agreement be "construed and interpreted according to laws of the State of Washington." ECF No. 59, p. 3 (Settlement Agreement). In Washington, courts interpret settlement agreements in the same way as they interpret other contracts. *McGuire v. Bates,* 169 Wash.2d 185, 188, 234 P.3d. 205 (2010). In doing so, the Court attempts to determine the intent of the parties by focusing on their objective manifestations as expressed in the agreement. *See Hearst Commc'ns, Inc. v. Seattle Times Co.,* 154 Wash. 2d 493, 503, 115 P.3d 262 (2005).

In *Berg v. Hudesman,* 115 Wash.2d 657, 502, 801 P.2d 222 (1990), the Washington Supreme Court "adopted the 'context rule' and recognized that intent of the contracting parties cannot be interpreted without examining the context surrounding an instrument's execution."

> Since <u>Berg</u>, we have explained that surrounding circumstances and other extrinsic evidence are to be used 'to determine the meaning of *specific words and terms used*' and not to 'show an intention independent of the instrument' or to 'vary, contradict or modify the written word.' (citations omitted).

> Our holding in *Berg* may have been misunderstood as it implicates the admission of parol and extrinsic evidence. We take this opportunity to acknowledge that Washington continues to follow the objective manifestation theory of contracts. Under this approach, we attempt to determine the parties' intent by focusing on the objective manifestations of the agreement, rather than on the unexpressed subjective intent of the parties. (citation omitted). We impute an intention corresponding to the reasonable meaning of the words used. (citation omitted). Thus, when interpreting contracts, the subjective intent of the parties is generally irrelevant if the intent can be determined from the actual words used. (citation omitted). We do not interpret what was intended to be written but what was written. (citation omitted).

Order On Motion
For Attorney's Fees and Costs        6

or connected with the one claim that was remaining in this federal court matter and (2) the Plaintiff did not prevail in the whistleblower hearings.

### A. Case Law Regarding Enforcement of Settlement Agreements

The parties stipulated that the Settlement Agreement be "construed and interpreted according to laws of the State of Washington." ECF No. 59, p. 3 (Settlement Agreement). In Washington, courts interpret settlement agreements in the same way as they interpret other contracts. *McGuire v. Bates,* 169 Wash.2d 185, 188, 234 P.3d. 205 (2010). In doing so, the Court attempts to determine the intent of the parties by focusing on their objective manifestations as expressed in the agreement. *See Hearst Commc'ns, Inc. v. Seattle Times Co.,* 154 Wash. 2d 493, 503, 115 P.3d 262 (2005).

In *Berg v. Hudesman,* 115 Wash.2d 657, 502, 801 P.2d 222 (1990), the Washington Supreme Court "adopted the 'context rule' and recognized that intent of the contracting parties cannot be interpreted without examining the context surrounding an instrument's execution."

> Since <u>Berg</u>, we have explained that surrounding circumstances and other extrinsic evidence are to be used 'to determine the meaning of *specific words and terms used*' and not to 'show an intention independent of the instrument' or to 'vary, contradict or modify the written word.' (citations omitted).

> Our holding in *Berg* may have been misunderstood as it implicates the admission of parol and extrinsic evidence. We take this opportunity to acknowledge that Washington continues to follow the objective manifestation theory of contracts. Under this approach, we attempt to determine the parties' intent by focusing on the objective manifestations of the agreement, rather than on the unexpressed subjective intent of the parties. (citation omitted). We impute an intention corresponding to the reasonable meaning of the words used. (citation omitted). Thus, when interpreting contracts, the subjective intent of the parties is generally irrelevant if the intent can be determined from the actual words used. (citation omitted). We do not interpret what was intended to be written but what was written. (citation omitted).

Order On Motion
For Attorney's Fees and Costs        6

*Hearst*, *supra*, at p. 503 – 504.

### B. Court's Conclusions Regarding Meaning of Settlement Agreement

Under the terms of the Settlement Agreement (ECF No. 59), Ms. Cousins agreed to a general release of all claims in return for the payment of $25,000 by the Defendants as well as "payment of reasonable attorneys' fees and reasonable costs as may be determined by the United States District Court **in** the Federal Lawsuit." (emphasis added) (ECF No. 59, ¶ 2). If there is any ambiguity in the phrasing of this sentence, reference to Paragraph 9 of the Settlement Agreement clarifies that intent of the Agreement. Under Paragraph 9, Kitsap County agreed to pay Clayton Longacre's "reasonable attorney's fees and costs . . . as may be determined by the United States District Court, Western District of Washington, **in Case No. 08-5764 RBL**. . . ." (emphasis added). By the terms of the Agreement, the award of reasonable attorney's fees and costs are only those fees and costs incurred in this federal civil suit.

Ms. Cousins presents argument in her declaration regarding her subjective understanding of the wording used in the Settlement Agreement. This subjective understanding is clearly based solely on her own interpretation of the Settlement Agreement and not the result of any further negotiation or discussion between the parties. Regardless, her subjective understanding is irrelevant "if the intent can be determined from the actual words used." *Hearst, supra,* at p. 504. In this instance, the intent can be determined from the actual words used.

The Court therefore concludes that the award of reasonable attorney's fees and costs is limited to those reasonably incurred in this particular litigation only.

### V. THE LAW REGARDING REASONABLE ATTORNEY'S FEES

A court, in its discretion, may award a reasonable attorney's fee to a prevailing party. 42 U.S.C. § 1988.

In determining what attorney's fee is reasonable in a particular case, the court arrives at the "lodestar amount," which is determined by multiplying the number of hours reasonable expended by a reasonable hourly rate. *Jordan v. Multnomah County,* 799 F.2d 1262, 1265 (9th Cir. 1986). There is a strong presumption that the lodestar represents the reasonable fee. *City of Burlington v. Dague,* 505 U.S. 557, 562 (1992). In appropriate cases, the court may adjust the presumptively reasonable loadstar figure based upon the factors listed in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir. 1975). The court need not consider all the *Kerr* factors, but only those called into question by the case at hand and necessary to support the reasonableness of the fee award. *Cairns v. Franklin Mint Co.,* 292 F.3d 1139, 1158 (9th Cir. 2002).

Under *Kerr,* in reviewing a claim for attorney's fees the court should consider the following twelve factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee charged in the locality for similar legal services, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr*, at 69-70.

The fee applicant has the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. *Gates v. Gomez,* 60 F.3d 525, 534-35 (9th Cir. 1995). The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits. *Id.*

1   **VI.  THE LAW REGARDING REASONABLE ATTORNEY'S FEES WHEN ONLY PARTIALLY SUCCESSFUL**

2

3    In *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the
4 issue presented to the Supreme Court was "whether a partially prevailing plaintiff may recover
5 an attorney's fee for legal services on unsuccessful claims." *Id.* at p. 426.  "The standard for
6 making this threshold determination has been framed in various ways.  A typical formulation is
7 that 'plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed
8 on any significant issue in litigation which achieves some of the benefit the parties sought in
9 bringing suit.' <u>Nadeau v. Helgemoe, 581 F.2d 275, 278-279 (CA1 1978)</u>.  (footnote omitted).
10 This is a generous formulation that brings the plaintiff only across the statutory threshold.  It
11 remains for the district court to determine what fee is 'reasonable.'"  *Id.* at p. 433.  This also
12 means that work on an unsuccessful claim cannot be deemed to have been "expended in pursuit
13 of the ultimate result achieved."  *Id.* at p. 435.

14    "In some cases a plaintiff may present in one lawsuit distinctly different claims for relief
15 that are based on different facts and legal theories.  In such a suit, even where the claims are
16 brought against the same defendants . . . counsel's work on one claim will be unrelated to his
17 work on another claim.  Accordingly, work on an unsuccessful claim cannot be deemed to have
18 been 'expended in pursuit of the ultimate result achieved.'  <u>Davis v. County of Los Angeles, 8
19 E.P.D. ¶ 944, at 5049 (CD. Cal. 1974)</u>.  The congressional intent to limit awards to prevailing
20 parties requires that these unrelated claims be treated as if they had been raised in separate
21 lawsuits, and therefore no fee may be awarded for services on the unsuccessful claims."  *Id.* at p.
22 434-435.

23

24

Order On Motion
For Attorney's Fees and Costs                             9

In instances where a plaintiff has achieved only partial or limited success, "the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith. Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill. Again, the most critical factor is the degree of success obtained." *Id.* at p. 436. "We hold that the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under 42 U.S.C. § 1983. Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. . . . But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Id.* at p. 440.

**VII.  DISCUSSION REGARDING PARTIAL SUCCESS**

As noted above, Ms. Cousins asserted four claims for relief in her Complaint. They included (1) Title VII discrimination based on gender, (2) interference with plaintiff's First Amendment right to freedom of speech and redress of grievance against government, (3) retaliation for whistle blower activity, and (4) retaliation for filing an EEOC claim.

In the Court's Order Granting Defendants' Motion for Summary Judgment in Part and Denying in Part (ECF No. 34) the undersigned dismissed all of Plaintiff's claims except that portion of Claim I as it related to a claim of gender discrimination and the failure to promote Ms. Cousins to Corrections Lieutenant in March 2008.  This was the only narrow issue remaining for resolution at the time the Defendants made their Offer of Judgment. All other claims had been dismissed by the Court.

1    Claim 1 had two components. The first was with regard to failure to promote Ms.
2  Cousins to the Corrections Lieutenant position on March 18, 2008 due to gender discrimination.
3  The second component was with regard to failure to promote Ms. Cousins to the Corrections
4  Lieutenant position on August 11, 2008. The Court dismissed the claim related to the August
5  11th failure to promote for failure to make a prima facie case of discrimination. To a certain
6  extent, the second component of Claim 1 may have its roots in the denial of promotion on March
7  18, 2008 but it also required development of new, independent facts which were not related to
8  the March 18th claim.

9    As discussed in the Court's Order Granting Summary Judgment (ECF No. 34), Claims 2
10 and 3 revolved around a separate incident that occurred on August 26, 2005 – which incident
11 was completely separate from the claims asserting Title VII discrimination based on gender. The
12 fourth claim, retaliation for filing an EEOC claim. This claim was dismissed for failure to
13 exhaust administrative remedies. The basis of Ms. Cousins' claim was that she was not
14 promoted to the Corrections Lieutenant position in August 2008 because she filed an April 2008
15 EEOC charge. Claims 2, 3 and 4 were factually unrelated to the one claim that remained
16 following summary judgment.

17    **VIII. DISCUSSION REGARDING REASONABLE ATTORNEY'S FEE**

18    **1. Time and Labor Required.** The Plaintiff, through her attorney, requests attorney's
19 fees for 221.2 hours [2] at the rate of $250/hour for a total fee of $55,400.00.

20    However, based on the information provided by the Plaintiff, it is somewhat difficult to
21 determine how much of the time and labor of Plaintiff's counsel was required for her one
22 *successful claim.* As noted above, the Plaintiff was successful only with regard to a limited,

23 ───────────────
24    [2] $55,400 - $100 consultation fee = $55,300 ÷ $250 = 221.2 hours

discrete claim which was not factually related to the other claims set forth in her Complaint. Because of this limited success, the Court should award fees for time limited to that claim. Mr. Longacre made no effort to segregate the time and labor he expended on the unsuccessful claims from the successful claim. For instance, Mr. Longacre expended a total of 13 hours reviewing both the recorded and transcribed depositions of Newlin, Payne, Bonneville, Furuta, Holt, Hall, Harrell, Gay, Lawson, Elton and Hauge. He has not, however, shown how all of these depositions were related to the one remaining claim. In fact, according to the testimony of Ms. Cousins, she took the deposition of Sheriff Newlin on August 15, 2008 for discovery purposes related to her Whistleblower Appeal Action. ECF No. 21, p. 11 (Declaration of Terry Cousins). The additional depositions she said she took on August 18, 2008 were also related to the Whistleblower Appeal Action. *Id.* The Court can only conclude that the time expended in reviewing the depositions, recorded or transcribed, were not related to the one successful claim. Therefore, the total of 13 hours shall be deducted.

In addition, it is difficult for the Court to determine how much of the additional time expended by Mr. Longacre on this case between August 26, 2008 through February 6, 2010, which was 36.45 hours, is actually related to the one successful claim. This is due to the fact that Mr. Longacre made no attempt to segregate the hours. It does, however, seem appropriate based on review of the general entries to reduce the amount by 18 hours.

Mr. Longacre spent 4.5 hours on August 26, 2008 regarding preparation of Freedom of Information Act requests which were submitted to Kitsap County dated August 26, 2008. ECF No. 62, pgs. 102 – 116. A careful review of the requests shows that a vast majority of the documents requested were directed to Ms. Cousins' whistleblower related claims and not to the

one successful claim.  The time spent, therefore, was excessive in relation to the one successful claim and it shall be reduced by 3.0 hours.

The time Mr. Longacre spent on February 9, 2010 regarding the failure of his office to receive notice of electronic filing (4.4 hours) should not be passed on to the Defendant.  Mistakes of his office need to be borne by his office.

From February 10, 2010 through February 18, 2010 Mr. Longacre documents expending 70.5 hours in preparing his belated response to the Defendants' Summary Judgment Motion.  As already noted, he had limited success in defending against the Defendants' motion and he is not entitled to full compensation for the 70.5 hours he claims.  The Court believes, based on review of the entries as well as the documents filed by the Plaintiff, that the number of hours should be reduced by 50 hours.

The Court is also reducing the hours claimed by 1.5 hours for the entry on June 1, 2011.  The Court does not believe that the Defendants should pay for the time it took the Plaintiff and her attorney to deposit the settlement check.

The Court notes that the vast majority of the Defendants' objections to Mr. Longacre's billing is that of "block billing."  This appears to be the case whenever more than one item is set forth.  For example, on 3/23/2011 Mr. Longacre recorded .15 hours for:  Email from J.Aufderheide re: Dr. Hamm IME, forward to client via email.  This does not appear to the undersigned to be the type of improper block billing which obviously concerned Judge Bryan in *Sutherland v. Kitsap County*, 2007 WL 639786 (W.D. Wash.).  The Court is able to determine what was done on the case and also able to determine that the time charged was reasonable.  For the most part, that seems to be the case for the balance of his billing.

1    The Defendants' also object to the time expended by counsel related to the motions to
2 dismiss Sheriff Newlin and with regard to the Defendants' motion to compel an independent
3 medical examination . These issues, however, were raised in conjunction with the one successful
4 claim that was pending before the Court.  It would not be appropriate to deduct the entire amount
5 of time expended on those issues.  However, the Court does agree that the amount of time
6 expended by Counsel regarding Sheriff Newlin should be reduced by 3.75 hours as the time
7 expended was excessive in light of the pleading filed with the Court.   In addition, the Court is of
8 the opinion that it is appropriate to reduce the number of hours regarding the medical
9 examination by 3.0 hours.

10   Based on the Court's review of the billing records provided by Mr. Longacre, it
11 concludes that a total of 96.65 hours should be deducted based on its conclusion that the hours
12 were not related to the one successful claim.

13   **2.  Novelty and Difficulty of Questions Involved.**

14   Mr. Longacre asserts that due to the fact the Defendant is a governmental entity the case
15 is more difficult than against a private company.  He also asserts that since his client is an
16 employee of the sheriff's department that the case was that much harder due to the secretive
17 nature of the department.

18   However, the Court finds that these two reasons do not support a conclusion by the Court
19 that this case involved any particularly novel or difficult issues.  This is a civil rights
20 employment case which, like other similar cases, had its challenges which were not out of the
21 norm for other such cases.

22   **3.  Requisite Skill.**

Other than reciting his professional experience, Mr. Longacre did not present any additional information regarding the skill required to perform the legal services involved in this case.

**4. Preclusion of Other Employment.**

The Plaintiff failed to provide any evidence on this factor.

**5. Customary Fee Charged in the Locality for Similar Legal Services.**

There is little evidence before the Court regarding customary fees in the locality for similar legal services, that is, hourly fees for attorneys in Kitsap County employment cases or, for that matter, customary hourly fees for attorneys in employment cases in other counties. Mr. Longacre provided his own declaration regarding his customary hourly rate of $250.00/hour supplemented by his own statement that his hourly rates are "close to what most other attorneys with the years experience I have charge. Many attorneys actually charge more." ECF No. 64, p. 2, Longacre Declaration.

The Defendant's submitted a First Amended Motion and Order for Payment of Costs (ECF. No. 62, p. 58), from a separate criminal case, in which Mr. Longacre stated that his "hourly rate for trial is $200.00 per hour." This document is dated June 4, 2009. In response, Mr. Longacre states in his Reply (ECF No. 63) that the rate was for "trial" time only. Also, Mr. Longacre states, in his Declaration (ECF No. 64, p. 2), that he charges a rate of "$250 per hour for brief writing and trial time with a 20% discount for payment within 10 days of billing." ECF No. 64, p. 2.

"When a party seeks an award of attorneys' fees, that party bears the burden of submitting evidence of the hours worked and the rate paid. In addition, that party has the burden

to prove that the rate charged is in line with the 'prevailing market rate of the relevant community." *Carson v. Billings Police Dept.,* 470 F.3d 889, 891 (9th Cir. 2006).

The evidence provided regarding "prevailing market rate of the relevant community" is limited to Mr. Longacre's statement that his rates "are close to what most other attorneys with the years experience I have charge. Many attorneys actually charge more." While the evidence is scant, considering what is before the Court as well as taking the Court's experience into consideration, the undersigned concludes that an appropriate hourly rate is $200/hour.

**6. Whether the Fee is Fixed or Contingent.**

The case was taken on a contingence fee basis with no flat fee retainer.

**7. Time Limitations Imposed by the Client or the Circumstances.**

Plaintiff failed to provide any evidence on this factor.

**8. The Amount Involved and the Results Obtained.**

The Plaintiff filed a Claim for Damages in which she verified, under oath, that she sustained damages in the amount of $1,000,000.00 (one million dollars). ECF No. 62, p. 63. The case settled for $25,000.00. The Court also notes that the claim covered not only the successful claim but the other claims set forth in the Plaintiff's Complaint.

**9. Experience, Reputation and Ability of Counsel.**

Mr. Longacre has been practicing law for quite some time in the area of employment and civil rights.

**10. The Undesirability of the Case.**

The Plaintiff provided no evidence on this factor.

**11. The Nature and Length of the Professional Relationship with the Client.**

Mr. Longacre has been representing Ms. Cousins since 2008.

**12. Awards in Similar Cases.**

The Plaintiff provided no evidence on this factor.

## IX. CONCLUSION REGARDING ATTORNEY'S FEES

Based on the Court's review of the fee request, the undersigned has determined that 91.9 hours were not reasonably expended on the one limited successful claim that survived summary judgment.  This results in the lodestar calculation of 124.55 hours at $200/hour for a total award of an attorney's fee of $24,910.00.  The Court concludes this is a reasonable fee and that the factors, as discussed above, do not warrant any additional adjustments.

## X.  COSTS

28 U.S.C. § 1920 delineates the items that may be taxed as costs, as follows:

(1)  Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)  Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6)  Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The burden is clearly on the Plaintiff to show that the costs requested are related to the successful claim that remained before the Court and, with regard to request for transcripts, that they were "necessarily obtained for use in the case."

Ms. Cousins seeks an award of costs in the sum of $4,849.40.  ECF No. 58.

Order On Motion
For Attorney's Fees and Costs                17

1    It is clear that Ms. Cousins is entitled to costs for her filing fee in federal court in the sum
2 of $350.00; costs of mediation of $1,232.50; postage for documents mailed to the federal court of
3 $5.60.
4    It is also clear that she is not entitled to be reimbursed for costs incurred in relation to the
5 Whistleblower complaints or for the purchase of office supplies to be used by Mr. Longacre.
6 Ms. Cousins does not meet the requirement of showing which portions of transcripts were
7 "necessarily obtained for use in this case" – which was limited to the one issue remaining after
8 the grant of summary judgment.  Finally, it is not clear, from the balance of Ms. Cousins request,
9 that the items identified were related to the one issue remaining before the Court.  For all those
10 reasons, the balance of the request for reimbursement of costs is DENIED.
11    Therefore, the Court concludes that the Plaintiff is entitled to an award of costs in the
12 sum of $1,588.10.

### CONCLUSION

14    The Plaintiff , as a prevailing party, is entitled to an award of reasonable attorney's fees
15 in the sum of  $24,910.00 and costs in the sum of $1,588.10.
16    Dated this 2nd day of November, 2011.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge